REQUESTED BY: Dear Senator:
In your letter of March 9, 1977, you ask our opinion as to whether or not an industrial loan and investment company can be chartered to be located outside the confines of a city or village. Your inquiry is triggered by section8-403.02, R.R.S. 1943, which specifies the required paid-up capital stock for such a company. This section provides that such capital for such a company shall be not less than $50,000.00 in cities and villages having less than 2500 inhabitants, with increasing amounts in various sized larger municipalities. You have informed us that if we construe the statute to require industrial loan and investment companies to be located in municipalities, you intend to offer an amendment to a pending bill, to correct the situation.
In failing to make provision for the amount of capital for a corporation not located in any city or village, the statute makes possible an argument that the corporation must be located in a city or village. We do not, however, believe this conclusion is required, and are of the opinion that the history of the entire act fails to disclose a legislative intention for such a requirement. We are inclined to take the view that no such requirement is intended, because no readily apparent reason occurs to us why such a corporation should be located inside the boundaries of a municipality. Were the court to conclude that no valid reason exists, such a requirement might be held to be unreasonable classification. We avoid such constructions, if possible.
The Industrial Loan and Investment Act was adopted in 1941. Section 8-403 and 8-403.01 provide for the procedure for applying for a charter, and the findings which must be made by the Department of Banking before a charter may be granted. Neither of these sections, nor any other section of the act except section 8-403.02, contain any hint that the corporation must be located in any municipality. Section8-403.02 was not a part of the original act, but was adopted in 1959.
It is therefore clear that from 1941 until 1959 nothing in the law suggested that an industrial loan and investment company could not be located anywhere in the state, subject to the approval of the Department of Banking. Section8-403.02 was a part of LB 284, passed in 1959. Nothing in the title or the body of LB 284, except section 8-403.02, even hinted that the bill was intended to limit the permissible locations of such corporations. Had the Legislature intended to change existing law in such a way, we would expect it to do so in a straightforward, unambiguous way, instead of in a backhanded way by failing to provide for capitalization outside municipalities.
There is not much doubt that the Legislature assumed that such companies would be located in cities and villages, but we do not construe an assumption as a requirement. We believe, rather, that the question did not occur to the members of the Legislature, so they failed to provide for the eventuality.
This leaves us, of course, with the question of what capitalization is required of a corporation which is not located in any municipality. Obviously, some amount must be required. To determine what that amount is necessarily requires, to a certain extent, that we, or the court, add language which was omitted by the Legislature. However, the lowest amount mentioned in the statutes is $50,000.00. We believe the court would say that the Legislature intended that no such corporation should be chartered with less capitalization than that. On the other hand, the higher requirements prescribed are not applicable, because the corporation will not be located in municipalities having the populations making such higher captialization mandatory. We therefore conclude that the $50,000.00 figure is the one applicable in this situation.
While we believe that the above discussion represents the conclusion a court would reach on this question, this is not to say that a clarifying amendment would not be desirable. As we have indicated, the statute, as it now reads, leaves room for controversy.